IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

TIRNELL WILLIAMS,

      Plaintiff,

  v.

ILLINOIS DEPARTMENT OF CORRECTIONS,
WARDEN HODGE and INTEL LOY,

      Defendants.

Case No. 13-cv-392-JPG-DGW

**MEMORANDUM AND ORDER**

    This matter comes before the Court on the Amended Report and Recommendation ("Report") of Magistrate Judge Donald G. Wilkerson (Doc. 41) recommending the Court grant plaintiff Tirnell Williams' motion for a preliminary injunction (Doc. 23) and order the defendants to take certain specific measures to keep Williams safe. No party has filed an objection to the Report.

    The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

    In the Report, Magistrate Judge Wilkerson found that Williams, an IDOC inmate currently housed at Lawrenceville Correctional Center ("Lawrenceville"), was in danger from two other inmates also housed at Lawrenceville because Williams had testified in the criminal trial of one of their fellow gang members. Magistrate Judge Wilkerson set forth – and found that Williams had

satisfied – the requirements for a preliminary injunction. He then recommended the Court order the defendants to add the threatening inmates to Williams "keep separate from" list and transfer Williams to another institution where he would be safe, even if that institution is outside the IDOC system. The defendants did not object to the Report and, at a hearing, conceded that preliminary injunctive relief was necessary. However, the defendants asked the Court for an opportunity to present their own plan to keep Williams safe. The Court gave the defendants 21 days to submit a plan, which they did, and Williams has objected to the plan.

The Court has reviewed the Report for clear error and, with the exception of the scope of the recommended injunction, finds none. Accordingly, it will adopt those portions of the Report.

As for the scope of the preliminary injunction, the Prison Litigation Report Act requires the Court to exercise restraint:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. *Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.* The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2) (emphasis added); *see Westefer v. Neal*, 682 F.3d 679, 683 (7th Cir. 2012) (regarding permanent injunctive relief). This provision embodies the long recognized principle that "prison officials have broad administrative and discretionary authority over the institutions they manage," *Hewitt v. Helms*, 459 U.S. 460, 467 (1983), and courts should not tell them how to do their job unless absolutely necessary. Thus, the Court should leave it to IDOC officials, with their expertise, to craft procedures that satisfy the constitution.

Here, the plan Magistrate Judge Wilkerson recommended in the Report does not show the

appropriate restraint and respect for prison officials' expertise in running prisons. However, the defendants have submitted their own proposed plan to separate Williams from the two inmates who pose threats to Williams. Williams objects to the proposed plan on the grounds that he still faces threats from inmates in the same gang as the two inmates from which he would be separated under the plan.

The proposed plan is adequate to protect Williams consistent with the Eighth Amendment. Under the Eighth Amendment, prison officials are required to take reasonable measures to protect inmates from violence from other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *Mayoral v. Sheahan*, 245 F.3d 934, 938 (7th Cir. 2001). A prison official can be liable for failure to protect an inmate if he intends or was deliberately indifferent to a substantial risk of serious harm to the inmate. *Farmer*, 511 U.S. at 828; *Mayoral*, 245 F.3d at 938. To meet the "deliberate indifference" standard in this context, a prison official must know of an excessive risk to an inmate's health or safety and disregard it by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847; *Mayoral*, 245 F.3d at 938. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The proposed plan is a reasonable measure to protect Williams from harm from the two inmates who threaten him and will satisfy constitutional requirements.

However, in keeping with its ability to order only narrowly tailored injunctive relief and the important distinction between what is constitutionally adequate and what is constitutionally required, the Court declines to order specific implementation of this plan. Instead, it will order the defendants only to take further affirmative steps beyond their current practices to protect Williams and keep him separate from the two inmates threatening him, and to report back to the

Court in due course. Specifically, and for the foregoing reasons, the Court:

- **ADOPTS** the Report (Doc. 41) as modified by this order;

- **GRANTS** Williams' motion for a preliminary injunction (Doc. 23);

- **ENJOINS** the defendants to take further affirmative steps beyond their current practices to protect Williams and keep him separate from the two inmates threatening him. These steps shall be taken within 21 days. The defendants shall report back to the Court within 14 days of taking those steps with the details of the action they have taken and how those actions adequately protect Williams' Eighth Amendment rights;

- **ORDERS** the Clerk of Court to file **UNDER SEAL** the proposed plan tendered by the defendants and the response to the proposed plan filed by Williams until further order of the Court. Secrecy is justified for the moment so as not to reveal in advance inmate transfer or assignment information that might assist escape attempts or facilitate prohibited communications or activity between inmates; and

- **DENIES as moot** the original Report and Recommendation (Doc. 39) and Williams' motions for the status of his response to the proposed plan (Docs. 61 & 62).

Pursuant to 18 U.S.C. § 3626(a)(2), this injunction shall expire 90 days from the entry of this order.

**IT IS SO ORDERED.**
**DATED: April 9, 2014.**

                                                              s/J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **DISTRICT JUDGE**