IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIRNELL WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-392-NJR-DGW |
| ) | |
| ILLINOIS DEPARTMENT OF ) | |
| CORRECTIONS, MARC HODGE, and ) | |
| INTEL LOY, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Recruitment of Counsel filed by Plaintiff, Tirnell Williams, on February 18, 2014 (Doc. 57), the Motion for Extension of Time to Complete Discovery filed by Defendants, Marc Hodge and Intel Loy, on May 14, 2014 (Doc. 71), the Motion for Status Update filed by Plaintiff on May 29, 2014 (Doc. 79), and the Motion to Compel filed by Plaintiff on June 5, 2014 (Doc. 81). For the reasons set forth below, the Motion for Recruitment of Counsel and Motion for Status Update are **DENIED** (Docs. 57 and 79), the Motion for Extension of Time is **GRANTED** (Doc. 71), and the Motion to Compel is **DENIED WITHOUT PREJUDICE** (Doc. 81).

**MOTION FOR RECRUITMENT OF COUNSEL AND**
**MOTION FOR STATUS UPDATE (DOCS. 57 AND 79)**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel."

Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has made a sufficient effort to seek counsel without Court assistance. Nonetheless, counsel will not be recruited in this matter. This Court has had the opportunity to observe Plaintiff and address his request for injunctive relief. Plaintiff appears capable of articulating his claims, seeking appropriate relief, and representing his own interests before the Court. Plaintiff has been granted injunctive relief and it is clear that he has an understanding of the factual and legal matters involved in this litigation. Plaintiff appears more than capable of seeking discovery and appears capable of understanding and utilizing the Federal Rules of Civil Procedure. Plaintiff is capable of prosecuting this matter without counsel. Accordingly, counsel will not be recruited in this matter.

**MOTION FOR EXTENSION OF TIME AND MOTION TO COMPEL (DOCS. 71 AND 81)**

Defendants seek an extension of time, to May 28, 2014, to submit a response to Plaintiff's interrogatories. Plaintiff indicates in his motion that, as of June 5, 2014, he has not received responses to his discovery requests. Defendants are hereby **ORDERED** to respond to Plaintiff's outstanding interrogatories by **June 16, 2014**.

**IT IS SO ORDERED.**

**DATED: June 10, 2014**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**