IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TIRNELL WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-392-NJR-DGW |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, MARC HODGE, and INTEL LOY | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for Sanctions filed by Defendants on October 6, 2014 (Doc. 102). The Motion is **DENIED WITHOUT PREJUDICE**.

On September 9, 2014, Defendants served upon Plaintiff a notice of deposition to occur on September 15, 2014. At the deposition, Plaintiff refused to answer questions because other inmates believed that he was giving testimony to officials regarding the criminal activity of others (i.e. acting as an informant). Plaintiff states that his cellmates read the notice of deposition, shared the information with gang members, and Plaintiff was "told to refuse the hearing by gang members." Plaintiff complied and did not answer questions because he feared for his safety. Plaintiff suggests that his deposition be rescheduled to after December 12, 2014, his anticipated parole date.

Federal Rule of Civil Procedure 30 governs the manner in which depositions will occur. The Rule provides that "the examination and cross-examination of a deponent proceed as they would at trial . . ." and that while objections may be noted, "the examination still proceeds; the testimony is taken subject to any objection." FED.R.CIV.P 30(c)(1) and (2). There are only three

instances when a deponent may not answer a question: when it is necessary to preserve a privilege, when the Court has imposed a limitation, or when the party intends to file a Rule 30(d)(3) motion. *Id.* at 30(c)(2). A Rule 30(d)(3) motion can be filed to terminate a deposition if it is conducted in bad faith or if it is conducted in a manner "that unreasonably annoys, embarrasses, or oppresses the deponent or party." If a deponent "impedes, delays, or frustrates the fair examination," this Court may impose sanctions including reasonable attorney fees and costs. *Id.* at 30(d)(2).

No Rule 30(d)(3) motion has been filed in this matter. However, Plaintiff's belief that the deposition would be oppressive while he is incarcerated is not wholly unfounded: this Court did, after all, issue an injunction concerning Plaintiff's safety. While the better course of action would have been for Plaintiff to have filed a Motion to suspend the deposition, his *pro se* status sways the Court to withhold the imposition of sanctions at this time.

The discovery deadline is extended, for the limited purpose of conducting Plaintiff's deposition, to January 16, 2015. The dispositive motion filing deadline is also extended to February 20, 2015. Plaintiff is encouraged to inform Defendants of his address immediately upon release from prison and should make himself available for a deposition in this matter. Plaintiff is **WARNED** that the failure to cooperate and participate in his deposition **SHALL** result in a Report and Recommendation that sanctions be imposed, including, but not limited to, dismissal of this action.

**IT IS SO ORDERED.**

**DATED: October 31, 2014**

                                                  **DONALD G. WILKERSON**
                                                  **United States Magistrate Judge**